# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID A. FRANCIS, BAR NO. 7705.

No. 70020

FILED

JUN 14 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney David A. Francis. Under the agreement, Francis admitted to multiple violations of RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.4 (misconduct), as well as single violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 5.5 (unauthorized practice of law), RPC 7.2(k) (advertising), and RPC 7.3 (communications with prospective clients).

Francis was admitted to practice law in Nevada in 2002. In 2007, his firm hired an employee named Liberty Belle, and Francis provided her with his signature stamp. Between 2007 and 2010, Belle stole hundreds of thousands of dollars from Francis's firm's accounts, due in large part to Francis's failure to properly supervise and maintain his accounts and client funds. Francis was also criminally convicted of aiding and abetting Belle in falsely signing and notarizing a client settlement agreement, and he allowed his office to maintain an improper referral relationship with a tow truck driver. Francis additionally failed to adequately communicate with several clients and to promptly pay monies owed. Finally, Francis was twice convicted of DUI in Nevada and has a

criminal case pending in Utah involving a charge of Class A Misdemeanor Driving. The plea agreement and information provided to the hearing panel indicate that, ultimately, no clients suffered financial loss or other injury. Francis has been temporarily suspended from the practice of law under SCR 111 since December 7, 2012.

Under the plea agreement, Francis agreed to a six-year, eleven-month suspension, retroactive to his temporary suspension on December 7, 2012. He also agreed to the following conditions: pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, up to $150,000; pay a $150,000 fine payable to the Client Security Fund within 30 days of successful reinstatement; undergo an evaluation by the Nevada Lawyer's Assistance Program, with adherence to any recommendations made by Dr. Peter A. Mansky; and submit federal income tax returns upon reinstatement to demonstrate that he has not owned or operated a law firm or shared in any legal fees from his former firm while suspended.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, Francis's mental state (intentional, with knowledge), the lack of any ultimate injury to a client, the aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, and illegal conduct), and the mitigating circumstances (absence of a prior disciplinary record, timely good faith effort to make restitution or rectify consequences of misconduct, emotional problems, chemical dependency, and imposition of other penalties and sanctions), *see* SCR 102.5, we agree that the discipline set forth above is sufficient to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed

in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); ABA Standards for Imposing Lawyer Sanctions § 4.12 (1992), reprinted in Am. Bar Ass'n, *Compendium of Professional Responsibility Rules and Standards* 437, 455 (2015 ed.) (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose a six-year, eleven-month suspension, retroactive to December 7, 2012. Francis must also comply with all of the conditions in the plea agreement, as outlined above. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Chair, Southern Nevada Disciplinary Panel
Pitaro & Fumo, Chtd.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A